MATTHEW RIGHETTI, ESQ. {SBN 121012}
matt@righettilaw.com
JOHN GLUGOSKI, ESQ. {SBN 191551}
jglugoski@righettilaw.com
MICHAEL RIGHETTI, ESQ. {SBN 258541}
mike@righettilaw.com
**RIGHETTI GLUGOSKI, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 983-0900
Facsimile: (415) 397-9005

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINE BARGAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RITE AID CORPORATION., and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO. 2:13-cv-03865-MWF-JEM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY**<br><br>**Related to Nos.**<br>CV 13-07720 MWF (JEMx)<br>CV 14-04048 MWF (JEMx),<br>CV 14-04186 MWF (JEMx)<br>CV 14-04352 MWF (JEMx),<br>CV 14-04353 MWF (JEMx)<br>CV 14-04359 MWF (JEMx),<br>CV 14-04532 MWF (JEMx)<br>CV 14-04536 MWF (JEMx)<br>CV 14-04552 MWF (JEMx)<br>CV 14-04566 MWF (JEMx),<br>CV 14-04916 MWF (JEMx)<br><br>Date: Monday, October 20, 2014<br>Time: 10:00 a.m.<br>Courtroom: 1600, 312 N. Spring St.,<br>16th Flr., Los Angeles, CA<br>Judge: Hon. Michael W. Fitzgerald |

---

1
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY

## I. INTRODUCTION

Defendant invited its managers to pursue individual actions rather than enjoy the efficiencies of a class action. It is now clear that Defendant opposes any form of adjudication (class or individual).

Here, eleven current and former managers seek to proceed with their claims and have pursued their right to do so by filing individual actions. At the Court's request, Plaintiffs offered to proceed with motion practice and discovery in a manner that is "fair" to Defendant only to have Defendant refuse to "play ball."

Indeed, Defendant's renewed motion to stay is particularly surprising because Defendant previously *agreed* to lift the stay on each of the cases, including the *Romero* class action. (See Minutes from ECF Docket No. 39, pg. 3-4). Accordingly, the Court dissolved the stay and ordered the parties to meet and confer to discuss "how motion practice and discovery can proceed in a manner that is fair to Defendant." (ECF Docket No. 29).

The very next day, Plaintiffs attempted to comply with the Court's Order, but Defendant refused to even consider any motion practice or discovery plan that involves simultaneous prosecution of the individual Plaintiffs' claims and the *Romero* class claims. See Declaration of Michael Righetti and email correspondence attached thereto as Exhibit 1. Despite Plaintiffs' best efforts to prosecute these actions in a fair and reasonable manner, Defendant's latest motion confirms that it is only interested in further delaying these individual claims from proceeding by any means necessary.

Moreover, the Court may recall the most recent telephonic status conference held on August 25, 2014. In that call the Court discussed these very same issues with the parties. Defendant requested a stay based on the collateral estoppel effect of the *Fenley* class certification decision as well as a claim that "conflict of interest" could result from Plaintiffs' counsel simultaneously pursuing individual claims and class claims. The Court refused to stay the cases, but did set a deadline for Defendant to bring "its motions regarding collateral estoppel and conflict of interest of counsel [for] September 15,

2014." (ECF Docket No. 31). For whatever reasons (but presumably because there was never any merit to the arguments to begin with), Defendant never filed a motion regarding either the collateral estoppel or conflict of interest claims. Instead, Defendant has "switched horses" and instead *renews* its motion to stay without any request for relief pursuant to collateral estoppel *or* conflict of interest whatsoever. Defendant's motion is, in fact, a motion for reconsideration of the Court's order to lift the stay brought under the guise of a briefing schedule for a *different* motion (ECF Docket No. 31). Defendant fails to even acknowledge, let alone meet, the requirements for reconsideration. By now, the Court should be able to acknowledge the gamesmanship evident in Defendant's tactics. Defendant requested a briefing schedule for the Court to resolve two particular issues. Defendant disregarded those issues and plugged in a motion based upon arguments that were previously rejected by the Court.

Over Plaintiffs' objections, their individual claims were stayed by this Court for over 13 months before the Court lifted the stays. Defendant's decision to abandon its earlier arguments (conflict of interest and collateral estoppel) – and failure to present any other rational basis for the Court to reconsider its previous order to lift the stays – makes resolution of the motion straightforward. Accordingly, Defendant's motion should be denied.

## II. ARGUMENT

### A. Defendant Improperly Seeks Reconsideration of the Court's Order.

On July 16, 2014 the Court issued the following order in the *Bargas* case:

> In two cases related to this one, Plaintiff's counsel has notified the Court that the Santa Clara County Superior Court denied the motion for class certification in Fenley v. Rite Aid Corp., No. 1-12-CV-229127 (Cal. Super. Ct. July 25, 2012). See Plaintiff's Reply to Order to Show Cause Re: Stay, Maria Mejia v. Rite Aid Corporation, et al., Case No. CV 2:14-04566-MWF (JEMx) (C.D. Cal. July 7, 2014); Plaintiff's Reply to Order to Show Cause Re: Stay, Erwin Capistrano v. Rite Aid Corporation, et al., Case No. CV 2:14-04532-MWF (JEMx) (C.D. Cal. July 7, 2014).
>
> The Court sets a telephonic status conference on August 4, 2014, at 11:30 a.m. to address: (1) whether any party objects to lifting the stay in this case

and the approximately 11 related cases; and (2) if the stay is to be lifted, whether those related cases should be consolidated with this one, given that Plaintiffs in these cases are all represented by the same counsel.

The Court held the telephonic status conference on August 4, 2014 and counsel for all parties appeared. The Court's Minute Order from the hearing states:

> At the hearing, counsel for both sides agreed that these seven cases should no longer be stayed, since the motion for class certification in Fenley was denied with regard to the claims at issue in Bargas and its related cases. Accordingly, the Court LIFTS the stay and the requirement to file status reports every 90 days in the following cases.
>
> Marine Bargas v. Rite Aid Corporation, et al., Case No. CV 13-3865
> Chris Romero v. Rite Aid Corporation, et al., Case No. CV 13-7720
> Eddy Cuellar v. Rite Aid Corporation, et al., Case No. CV 14-4048
> Chris Patton v. Rite Aid Corporation, et al., Case No. CV 14-4186
> Kavelle Johnson v. Rite Aid Corporation, et al., Case No. CV 14-4352
> Sergio Azucena v. Rite Aid Corporation, et al., Case No. CV 14-4353
> Jose Moreno v. Rite Aid Corporation, et al., Case No. CV 14-4359

ECF Docket No. 29, pg. 1-2. The Court further ordered:

> On or before August 15, 2014, counsel for the parties in all twelve cases shall meet and confer regarding the issues discussed at the hearing, including but not limited to: how motion practice and discovery can proceed in a manner that is fair to Defendant (i.e., whether the cases should be consolidated pursuant to Federal Rule of Civil Procedure 42(a)); when should initial disclosures be made pursuant to Federal Rule of Civil Procedure 26; and if the plaintiff intends to bring a motion for class certification in Romero, what should the briefing schedule be for that motion. Counsel for the parties in all twelve cases to meet and confer on or before August 15, 2014regarding the issues discussed at the hearing, including but not limited to: how motion practice and discovery can proceed in a manner that is fair to Defendant. (ECF Docket No. 29). On or before 8/20/2014, counsel for the parties shall file a joint report regarding the issues discussed at the hearing. On 8/25/2014, at 11:30 AM., the Court will hold a telephonic status conference to discuss the joint report.

*Id.* at pg. 4. The Court's Order specifically directed the parties to meet and confer on simultaneous prosecution of the *Romero* class action and the individual cases.

Between the August 4, 2014 status conference and the August 25, 2014 status conference, the parties attempted to meet and confer on a discovery plan but achieved no success in light of Defendant's refusal to propose or adopt a plan that includes litigation of the individual lawsuits simultaneously with the *Romero* class action. Declaration of Michael Righetti. As a result, Defendant imposed a *de facto* stay on Plaintiffs by refusing to schedule the Rule 26 conference. The parties submitted a Joint Statement conveying their respective positions on August 20, 2014 (ECF Docket No. 30).

The parties returned to Court (via teleconference) on August 25, 2014. During the conference Defendant argued that it should not have to defend the class action and the individual cases simultaneously because 1) Romero is collaterally estopped from pursuing class certification in light of the *Fenley* order, and 2) Plaintiffs' counsel are not able to pursue claims on behalf of the individual Plaintiffs as well as pursue class claims in *Romero* in light of the inherent conflict of interest. See Declaration of Michael Righetti.

Following the hearing and despite Defendant's arguments, <u>the Court did not reinstate the stay</u>; however, the Court gave Defendant an opportunity to file motions regarding collateral estoppel and conflict of interest (ECF Docket No. 31). Despite the Court's specific order setting a briefing schedule allowing Defendant to brief collateral estoppel and conflict of interest, which is exactly what Defendant requested, Defendant instead abandoned those arguments and instead renewed its motion to stay, thereby asking the Court to reconsider its Order lifting the stay. This is improper.

Pursuant to Civil Local Rule 7-8, a motion for reconsideration may be made only on the grounds that:

a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

b) the emergence of new material facts or a change of law occurring after the time of such decision, or

c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

None of the enumerated grounds for a motion for reconsideration apply here and Defendant does not even pretend to present any information on any of those required factors. The Court previously held a hearing on the *exact same issues* three weeks ago. The status quo has not changed since then other than Defendant's attempt to trot out two new theories only to abandon those theories once the Court set a briefing schedule. Defendant has not demonstrated a manifest showing of a failure to consider material facts presented to the Court. In all likelihood, Defendant realized there was no legitimate relief available based on collateral estoppel or conflict of interest, so it decided it to shift gears and try to get the Court to reconsider its order lifting the stay based on the Court's "inherent power to control its docket." The Court should decline Defendant's attempt to sidestep the requirements for reconsideration.

### B. Defendant Provides No Compelling Reason For A Stay

Plaintiffs do not dispute the general principle that a district court has inherent power to manage its docket in a manner that furthers the interests of judicial economy or for any other benefit. Defendant's motion, however, presents no reason why the "interests of judicial economy or other benefit" warrant a stay. Defendant merely states, with no factual support whatsoever, that "economy of time and effort for the Court, counsel and litigants favor a temporary stay of the single-plaintiff cases pending the resolution of class claims in *Romero*." But where all of the cases can be managed in this Court and where Plaintiffs are willing to work with Defendant to come up with a discovery plan that is fair and reasonable, what is the cause of Defendant's concern (other than general chagrin at having to defend these claims on the merits)? Moreover, both of the Court's orders following the status conferences suggest that the Court *has* considered

how to manage its docket and ordered the parties to derive a motion and discovery plan that is "fair to Defendant."

Defendant's conclusion that the interests of judicial economy warrant a stay is demonstrably false after reviewing the meet and confer correspondence. Plaintiffs have given Defendant no reason to believe that they want anything other than a fair, efficient and reasonable adjudication of their claims. Plaintiffs are not opposed to coordination for pre-trial purposes, and during the meet and confer discussions leading up to the recently filed Joint Rule 26(f) report, Plaintiffs explained that they could and would conduct depositions in a manner that is expeditious and cost-effective. For example, Plaintiffs agreed it would be reasonable not to depose the Defendant's witnesses multiple times simply because that witness has knowledge of facts pertaining to more than one Plaintiff. Specifically, Plaintiffs propose conducting the deposition of district managers only once even if they supervised several Plaintiffs, which is the case here. If Defendant produces a corporate representative to testify about, for example, Defendant's "expectations for the Store Manager position in general," Plaintiffs are willing to stipulate that the witness' testimony could apply equally to each Plaintiff to avoid the need for multiple depositions. Plaintiffs proposed this plan in the parties Joint Rule 26(f) Report (ECF Docket No. 34, pg. 14-15). There are infinite ways the parties can work together to create a discovery plan that is fair, efficient and reasonable, but Defendants are not even willing to discuss the topic. Where Defendant refuses to even explore options for fair and efficient motion practice and discovery, Defendant's *ipse dixit* conclusion that simultaneous litigation will be prejudicial is hardly sincere.

### 1. Defendant identifies no specific hardship.

Defendant argues, "Rite Aid faces the worst of both worlds: litigating *Romero*, a large putative class action that threatens to bring in the claims of every exempt Store Manager in California, while concurrently litigating the merits of individual claims of dozens of those same Store Managers across the state." ECF Docket No. 33-1, pg. 13. This obtuse remark provides no explanation as to how the fair and efficient prosecution

of all of the cases is "the worst of both worlds." Defendant cannot point to any specific hardship because there is none. Plaintiffs are proposing a methodical, fair and efficient approach to discovery that would limit depositions, streamline written discovery where feasible and otherwise proceed in a manner that does not waste either party's resources. Defendant's claim that it is being subjected to vexatious litigation is utterly baseless. The individual Plaintiffs have a right to proceed as individual litigants as oppose to members of a class action – and have only pursued their individual claims based on Defendant's *insistence* that each plaintiff do so. That Defendant is being sued by so many different managers is not purposely "vexatious" but rather indicative of a broader problem in both the way Defendant runs its stores and the way Defendant has chosen to defend itself.

**2. The overlap between the cases *lessens* the hardship to Defendant.**

Defendant's motion describes the significant overlap between the *Romero* class claims and the individual Plaintiffs' claims. Plaintiffs do not disagree that there is significant overlap. The significant overlap, however, provides further justification to proceed with discovery at the same time rather than have discovery proceed in one case while the 11 individual cases remain stayed. Presumably this is what the Court had in mind when it ordered the parties to meet and confer on a discovery plan that is "fair to Defendant."

**C. Defendant's Contention that Plaintiffs Will not be Prejudiced Ignores the Fact that Plaintiffs Have <u>Already</u> Been Prejudiced for 13 Months.**

Defendant proposes another 6-month stay and somehow concludes that this will not prejudice the individual Plaintiffs – low to middle income wage earners who rely on their weekly wages as their only means of subsistence. Plaintiffs highlight that these cases seek to enforce minimum working conditions. The wages sought by Plaintiffs in these cases are critical to their health and welfare, a fact long recognized by California courts:

> It has long been recognized that wages are not ordinary debts, that they may be preferred over other claims, and that, because of the economic position of the average worker and, in particular, his dependence on wages for the

necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due. [Citations.] An employer who knows that wages are due, has ability to pay them, and still refuses to pay them, acts against good morals and fair dealing, and necessarily intentionally does an act which prejudices the rights of his employee.

*In re Trombley* (1948) 31 Cal.2d 801, 809-810.

Wage Order 7 (at issue herein) seeks to prescribe the "minimum wages, maximum hours, and standard conditions for employees in California. "In light of the remedial nature of the legislative enactments authorizing the regulation of wages, hours and working conditions for the protection and benefit of employees, the statutory provisions are to be liberally construed with an eye to promoting such protection.' *Industrial Welfare Com. v. Superior Court*, (1980) 27 Cal.3d 690, 702; *Ramirez v. Yosemite Water Co.* (1999) 20 Cal.4th 785, 794.

With these principles in mind, the prejudice that results from forcing Plaintiffs to delay prosecution of their claims for another 6 months (after having been previously stayed for 13 months) is much greater than forcing a multi-billion dollar corporation to engage in litigation with 11 of its employees.

### D. Defendant's "Conflict" Argument Does Not Buttress Its Request for a Stay.

Defendant's argument demonstrates that it agrees there is no current conflict in simultaneous prosecution of class claims and individual claims. Defendant merely believes there is a "potential" conflict, and by staying the cases, Defendant believes that "potential" conflict is lessened. By its very nature, Defendant's argument is speculative at best. Defendant argues:

> Plaintiffs' counsel *will* have to argue that their individual plaintiff clients do not have an interest in controlling their separate actions – which *would be* contrary to the interests of those clients – or concede that their argument about the superiority of a class action over separate single-plaintiff cases is seriously undermined by their maintenance of 20-plus single-plaintiff cases. (ECF Docket No. 33-1, pg. 19-20, emphasis added.)

Importantly, none of what Defendant describes has happened, and it never will.

Implicit in Defendant's conflict argument is that class counsel would be somehow estopped from arguing that a class action is a superior method if at any point in time even one putative class member was ever to proceed on his or her own (i.e., request exclusion). Defendant's argument does not hold water. To the extent a putative class member decides to opt out (or proceed individually), a class action remains a superior method of adjudication for the remaining hundreds and/or thousands of employees who decide to remain in the class, regardless of who represents the individual employee(s). Class actions are not an "all or nothing" proposition. Putative class members are afforded the opportunity to opt out of the case and proceed on an individual basis as a matter of *right*. Certification orders do not become null and void nor are they inappropriate because some class members choose to opt-out of the class action. An employee's right to proceed individually in no way undermines the class action mechanism. Further, there is no case law that prevents class counsel from claiming a class action is a superior method of adjudication for the other hundreds and/or thousands of employees, who do not prefer to proceed individually for various reasons, including those recognized routinely by Federal and State Courts such as inherent unequal bargaining positions and fear of retaliation. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978)). *Bell v. Farmers Ins. Exchange*, (2004) 115 Cal.App.4th 715, 745.

According to Defendant, attorneys in California who file a class action cannot also represent individual putative class members. Defendant's interpretation of the law itself invites a violation of the law since it is directly contrary to Rules of Professional Conduct, Rule 1-500, which provides: "A member shall not be a party to or participate in offering or making an agreement, whether in connection with a settlement of a lawsuit or otherwise, if the agreement restricts the right of a member to practice law…" The Discussion section pertinent to this rule explains: "Paragraph (A) makes it clear that the practice, in connection with settlement agreements, of proposing that a member refrain from representing other clients in similar litigation is prohibited. Neither counsel may

demand or suggest such provisions nor may opposing counsel accede or agree to such provisions." Putative class counsel's right to pursue class allegations in *Romero* cannot be conditioned upon a restriction of such counsel's right to represent individual putative class members.

Defendant's reliance on *Lou v. Ma Labs., Inc.*, C 12-05409 WHA, 2014 WL 68605 (N.D. Cal. Jan. 8, 2014) is unavailing. First, *Lou* was decided at the class certification stage whereas here we have not even advanced the case into the discovery phase. Plaintiff in *Romero* has not filed a motion for class certification. It is entirely assumptive for Defendant to speculate about what any potential motion for class certification may look like.

Moreover, although Plaintiffs have mentioned the case to Defendant in a recent brief, Defendant deliberately neglects to mention the recent case of *Sandoval v. Ali*, 2014 WL 1311776 (N.D. Cal., March 28, 2014). In *Sandoval* the court rejected a defendant's invitation to follow *Lou* at the pleading stage based upon speculative and unsupported claims of conflict of interest. That is precisely the situation we have here. Further, the *Sandoval* Court relied upon *Newberg on Class Actions* § 3:75 (5th ed.) in more broadly questioning the holding in *Lou*:

> Like a lawyer in any litigation, a class action attorney may not simultaneously represent two clients if those clients' interests are directly adverse or if there is significant risk that the dual representation will materially limit the lawyer's representation of one client. Such attorney conflicts, like those of the class representative, are material to the question of whether the proposed class counsel can adequately represent the class; but as with class representatives, only client conflicts that are material and presently manifest—rather than merely trivial, speculative, or contingent on the occurrence of a future event—will affect the adequacy of class counsel … [i]n general, class counsel may represent multiple sets of litigants -- whether in the same action or in a related proceeding -- so long as the litigants' interests are not inherently opposed.

*Sandoval*, 2014 WL 1311776 at *10-11.

*Sandoval* also states:

> Concurrent representation may be beneficial in some situations ... Defendants have only raised speculative concerns about conflicts of interest between the superior court plaintiffs and the federal Plaintiffs. It is not clear that Plaintiffs are taking inconsistent positions. Defendants also fail to show how Plaintiffs' arguments in this case would impact the superior court plaintiffs or vice versa. Defendants' argument that counsel will have to submit evidence in this case contradicting Plaintiffs' sworn testimony in the superior court case is unsupported ... while it is possible that counsel may compromise Plaintiffs' claims for superior court plaintiffs' claims, or vice versa, at some point, Defendants have not suggested that Plaintiffs' counsel have done so or failed to litigate either case vigorously due to the concurrent representation. Of course, if a class is certified here, any class settlement would be subject to Court oversight for fairness and adequacy of counsel."

*Id.* There is no potential or actual conflict of interest by simultaneous prosecution of class claims and individual claims. In any event, this is an "adequacy of counsel" issue that would be more appropriately posited at class certification, not as a basis to stay the individual claims altogether.

### E. Although the Cases are not Currently Stayed, Defendant Refuses to Comply with its Rule 26 Obligations.

Although the Court lifted the stays on the *Romero* class action and the individual Plaintiffs' cases, Defendant is refusing to comply with its Rule 26 obligations. The parties agreed to exchange Rule 26 disclosures on September 22 as to *Romero*, and Plaintiffs agreed to provide their Rule 26 disclosures on September 22 as well, but Defendant refuses to provide Rule 26 disclosures as to any of the individual Plaintiffs' cases until the Court resolves this motion. This is improper because 1) there is no stay in effect, 2) the parties have conducted their Rule 26(f) conference on all of the cases, 3) Rule 26 requires that Defendant provide timely disclosures and 4) Plaintiffs provided their Rule 26 disclosures on September 22, 2014 as previously agreed. As a result, Plaintiffs respectfully requests that the Court consider discovery sanctions against Defendant for failure to comply with Rule 26.

### III. CONCLUSION

Defendant's motion for reconsideration of the Court's order to lift the stay is not properly before the Court. Plaintiffs respectfully request that the Court deny the most to stay, issue an order to show cause why Defendant should not be sanctioned for its tireless gamesmanship and Order Defendant to work with Plaintiffs to come up with a discovery plan that is fair to Defendant.

Respectfully submitted,

**RIGHETTI GLUGOSKI, P.C.**

Dated: September 24, 2014

s/ Michael Righetti          .
Attorney for Plaintiffs