UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 13-03865-MWF (JEMx) | Date:  October 21, 2014 |
|---|---|---|
| | CV 13-07720-MWF (JEMx) | CV 14-04048-MWF (JEMx) |
| | CV 14-04186-MWF (JEMx) | CV 14-04352-MWF (JEMx) |
| | CV 14-04353-MWF (JEMx) | CV 14-04359-MWF (JEMx) |
| | CV 14-04916-MWF (JEMx) | CV 14-04552-MWF (JEMx) |
| | CV 14-04566-MWF (JEMx) | CV 14-04536-MWF (JEMx) |
| | CV 14-04532-MWF (JEMx) | CV 14-07730-MWF (JEMx) |
| Title: | Marine Bargas -v- Rite Aid Corporation, et al. | |

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                            Court Reporter:
Rita Sanchez                             Not Reported

Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
None Present                             None Present

**Proceedings (In Chambers):**   ORDER GRANTING REQUEST TO STAY
INDIVIDUAL ACTIONS [33]

This matter is before this Court on Defendant Rite Aid Corporation's ("Rite Aid") Motion To Stay Related Single-Plaintiff Cases Pending Parallel Class Action Litigation (the "Motion" (Docket No. 33)) filed on September 15, 2014.  Rite Aid seeks to stay all the related single plaintiff cases until a class certification decision has been issued in related case, *Romero v. Rite Aid*, CV 13-07720 MWF (JEMx) ("*Romero*").

For the reasons stated below Rite Aid's Motion is **GRANTED**.

**Procedural Background**

Rite Aid's Motion relates to the case management of a variety of employment suits brought by various Rite Aid Store Managers against Rite Aid, asserting that they were misclassified as exempt from the overtime pay and related requirements of California law.  (*See e.g.*, Bargas Complaint, ¶ 4(Docket No. 1)).  At the time Rite Aid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 13-03865-MWF (JEMx) | Date:  October 21, 2014 |
|---|---|---|
| | CV 13-07720-MWF (JEMx) | CV 14-04048-MWF (JEMx) |
| | CV 14-04186-MWF (JEMx) | CV 14-04352-MWF (JEMx) |
| | CV 14-04353-MWF (JEMx) | CV 14-04359-MWF (JEMx) |
| | CV 14-04916-MWF (JEMx) | CV 14-04552-MWF (JEMx) |
| | CV 14-04566-MWF (JEMx) | CV 14-04536-MWF (JEMx) |
| | CV 14-04532-MWF (JEMx) | CV 14-07730-MWF (JEMx) |
| Title: | Marine Bargas -*v*- Rite Aid Corporation, et al. | |

filed its motion, there were eleven related single-plaintiff actions and a class action, *Romero v. Rite Aid*, CV 13-07720 MWF (JEMx), asserting essentially identical claims before this Court.  On October 6, 2014 Rite Aid removed a case from Los Angeles Superior Court, in which essentially identical claims were asserted.  *Antonio Flores v. Rite Aid Corporation, et al.*, Case No. CV 14-7730.  The Court considers this to be related single-plaintiff action for which Rite Aid is also requesting a stay.  All told there are 22 single-plaintiff cases across state and federal court in California.  All plaintiffs are represented by the same counsel.

The single-plaintiff cases and *Romero*, were stayed by the Court on July 22, 2013, pending a class certification decision in a related case in Santa Clara County Superior Court, *Fenley,et al., v. Rite Aid Corporation*, No. 1-12-CV-229127 ("*Fenley*").  (Docket No. 22).  On August 5, 2014, the Court lifted the stay in all the cases before it because the Superior Court had denied Plaintiffs' motion for class certification.

The Court held a telephonic State Conference on August 25, 2014 at which Rite Aid indicated it intended to file motions related to the purported inadequacy of class counsel and the collateral estoppel effect of the *Fenley* decision.  (Docket No. 31).  The Court ordered such motions to be filed by September 15, 2014, and requested that counsel meet and confer regarding a discovery schedule and file a Joint Report per Rule 26(f) on the same date.  (Docket No. 32).

Rite Aid filed the Joint Report (Docket 34) and also the present Motion (Docket No. 33).  Rite Aid did not file any motions related to collateral estoppel or adequacy of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 13-03865-MWF (JEMx) | Date: October 21, 2014 |
|---|---|---|
| | CV 13-07720-MWF (JEMx) | CV 14-04048-MWF (JEMx) |
| | CV 14-04186-MWF (JEMx) | CV 14-04352-MWF (JEMx) |
| | CV 14-04353-MWF (JEMx) | CV 14-04359-MWF (JEMx) |
| | CV 14-04916-MWF (JEMx) | CV 14-04552-MWF (JEMx) |
| | CV 14-04566-MWF (JEMx) | CV 14-04536-MWF (JEMx) |
| | CV 14-04532-MWF (JEMx) | CV 14-07730-MWF (JEMx) |
| Title: | Marine Bargas -v- Rite Aid Corporation, et al. | |

counsel.  Rite Aid's present Motion, however, does raise concerns over the adequacy of class counsel.  (Mot. at 15-17).

## Discussion

The parties both agree that it is within the Court's discretion and inherent powers to manage the case as it sees fit, including imposing the requested stay.  *See e.g. Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The Ninth Circuit has held that a court may impose a stay after balancing the prejudice suffered by both sides and considering how to ensure the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Rite Aid contends that all these factors weigh in favor of a stay.  (Mot. at 1).  It argues that it would be prejudiced in the absence of a stay by having to litigate a multitude of cases revolving around essentially the same issues.  Meanwhile Plaintiffs would not suffer any prejudice since the discovery conducted in *Romero* would be directly relevant to the single-plaintiff cases and the stay would ultimately cause little delay.  Further, a stay would assist in promoting the orderly course of justice as the class certification question could be dealt with quickly.  Discovery could initially be focused on that question, and once decided it would resolve numerous questions as to how the single-plaintiff cases would proceed.  This would save the Court and the parties time and money by avoiding duplicative and wasteful litigation and discovery. Rite Aid also argues that staying the single-plaintiff cases would allow the Court to properly address the conflict of counsel issues it raises when the class certification decision was issued.  Rite Aid proposes a six month stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 13-03865-MWF (JEMx) | Date:  October 21, 2014 |
|---|---|---|
| | CV 13-07720-MWF (JEMx) | CV 14-04048-MWF (JEMx) |
| | CV 14-04186-MWF (JEMx) | CV 14-04352-MWF (JEMx) |
| | CV 14-04353-MWF (JEMx) | CV 14-04359-MWF (JEMx) |
| | CV 14-04916-MWF (JEMx) | CV 14-04552-MWF (JEMx) |
| | CV 14-04566-MWF (JEMx) | CV 14-04536-MWF (JEMx) |
| | CV 14-04532-MWF (JEMx) | CV 14-07730-MWF (JEMx) |
| Title: | Marine Bargas -v- Rite Aid Corporation, et al. | |

Plaintiffs complain that the Motion is in fact a disguised motion for reconsideration of the Court's decision to lift the *Fenley* stay.  Plaintiffs also strongly oppose on the grounds that they will continue to be prejudiced by yet another stay.  On the other hand, Rite Aid would not be prejudiced by the cases continuing because of the commonalities among the claims.  Plaintiffs complain that they were already subject to a 13 month stay pending the *Fenley* decision during which time no progress was made on their cases.  This is particularly significant, Plaintiffs argue, because they are seeking wages that are crucial to their well-being.  (Opp. at 8-9).  They argue that the similarity of the cases will in fact mean that Rite Aid is not prejudiced at all because Plaintiffs will agree that discovery be structured to avoid the need for duplicative written discovery and depositions.  (Opp. at 7-8).  Plaintiffs also argue that Rite Aid is merely exhibiting gamesmanship and the results of its instruction to its managers to sue individually and should be forced to comply with its Rule 26 obligations in the single-plaintiff cases.  (Opp. at 12).

As an initial matter, the Court disagrees with Plaintiffs' characterization of Rite Aid's Motion as merely one for reconsideration.  The issue as to how to deal with closely related class and single-plaintiff cases is not the same as the basis for staying in light of the impending *Fenley* decision.  As explained below, the Court believes that a stay is a legitimate and worthwhile device by which to structure ongoing discovery and streamline the litigation going forward.

The Court agrees with Rite Aid that a stay of the single-plaintiff cases provides the most efficient and expeditious manner in proceeding with the litigation.  The Court acknowledges that the single-plaintiff cases have been stayed for a significant period.  However, allowing the single-plaintiff cases to continue is likely to mean that efforts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 13-03865-MWF (JEMx) | Date:  October 21, 2014 |
|---|---|---|
| | CV 13-07720-MWF (JEMx) | CV 14-04048-MWF (JEMx) |
| | CV 14-04186-MWF (JEMx) | CV 14-04352-MWF (JEMx) |
| | CV 14-04353-MWF (JEMx) | CV 14-04359-MWF (JEMx) |
| | CV 14-04916-MWF (JEMx) | CV 14-04552-MWF (JEMx) |
| | CV 14-04566-MWF (JEMx) | CV 14-04536-MWF (JEMx) |
| | CV 14-04532-MWF (JEMx) | CV 14-07730-MWF (JEMx) |
| Title: | Marine Bargas -v- Rite Aid Corporation, et al. | |

towards litigating them, and the associated costs may well be wasted and prove distracting to the question of class certification in *Romero*.  In light of the significant effect the class certification decision will have on all the cases and parties, staying the single-plaintiff cases is the best course available to the Court.

The prejudice on Plaintiffs is also unlikely to be significant.  Much of the discovery relevant to class certification will be relevant to the individual plaintiff's claims.  Their cases will not remain completely stationary as they will benefit from the activity in *Romero*.  The Court is committed to ensuring a speedy schedule leading to a class certification decision in *Romero*.

The Court believes that Rite Aid is overstating the prejudice it will suffer should the single-plaintiff cases not be stayed.  However, the Court does recognize that while it believes the promises of counsel for Plaintiff to be efficient in discovery to be genuine, the presence of 12 single-plaintiff cases does impose a burden on Rite Aid.  Many factual and legal issues may be the same, but Rite Aid nonetheless needs to keep track of the litigation in each case to ensure it adequately responds to each single-plaintiff suit.

Most importantly though, the Court believes that staying the single-plaintiff cases represents the most sensible and economical way for the Court, as well as the parties, to manage the 13 cases in question.  A decision on class certification, whichever way it goes, is likely to have a significant effect on all of the related cases.  It therefore makes considerable sense for that question to be decided as quickly and efficiently as possible.  The stay will likely both allow the parties to conduct discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 13-03865-MWF (JEMx) | Date:  October 21, 2014 |
|---|---|---|
| | CV 13-07720-MWF (JEMx) | CV 14-04048-MWF (JEMx) |
| | CV 14-04186-MWF (JEMx) | CV 14-04352-MWF (JEMx) |
| | CV 14-04353-MWF (JEMx) | CV 14-04359-MWF (JEMx) |
| | CV 14-04916-MWF (JEMx) | CV 14-04552-MWF (JEMx) |
| | CV 14-04566-MWF (JEMx) | CV 14-04536-MWF (JEMx) |
| | CV 14-04532-MWF (JEMx) | CV 14-07730-MWF (JEMx) |
| Title: | Marine Bargas -v- Rite Aid Corporation, et al. | |

and brief the question more quickly as they will not be distracted, and it may well avoid significant effort and cost once the Court issues its decisions.

Therefore, the Court **ORDERS** counsel to meet and confer by **October 27, 2014**, in regard to class discovery and a briefing schedule, and to file a joint report by **October 30, 2014**.  Rite-Aid will have the responsibility of filing the joint report.

### Conflict of Counsel

Rite Aid rearticulates its concerns regarding Righetti Glugoski PC representing both the class in *Romero* and individual plaintiffs in the single-plaintiff cases.  (Mot. at 15).  As the Court indicated in the August 25 Status Conference if Rite Aid wishes the Court to address the issue it needs to do so in a formal motion.  (Docket Nos. 31, 36).  The Court will not consider the adequacy of class counsel until formally presented with the question.

The Court does not know whether, before a class is certified, an individual plaintiff may irrevocably opt-out.  If an individual plaintiff irrevocably can do so and does, then that would be a legitimate reason to revisit this stay.  However, it is likely that the Court would use those opt-outs in determining whether a class was necessary and whether counsel was adequate.

### Conclusion

Accordingly, Rite Aid's Motion is **GRANTED**.  The Court hereby **STAYS** all proceedings in the following cases:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 13-03865-MWF (JEMx) | Date:  October 21, 2014 |
|---|---|---|
| | CV 13-07720-MWF (JEMx) | CV 14-04048-MWF (JEMx) |
| | CV 14-04186-MWF (JEMx) | CV 14-04352-MWF (JEMx) |
| | CV 14-04353-MWF (JEMx) | CV 14-04359-MWF (JEMx) |
| | CV 14-04916-MWF (JEMx) | CV 14-04552-MWF (JEMx) |
| | CV 14-04566-MWF (JEMx) | CV 14-04536-MWF (JEMx) |
| | CV 14-04532-MWF (JEMx) | CV 14-07730-MWF (JEMx) |
| Title: | Marine Bargas -v- Rite Aid Corporation, et al. | |

*Marine Bargas v. Rite Aid Corporation, et al.,* Case No. CV 13-3865

*Eddy Cuellar v. Rite Aid Corporation, et al.,* Case No. CV 14-4048

*Chris Patton v. Rite Aid Corporation, et al.*, Case No. CV 14-4186

*Kavelle Johnson v. Rite Aid Corporation, et al.*, Case No. CV 14-4352

*Sergio Azucena v. Rite Aid Corporation, et al.*, Case No. CV 14-4353

*Jose Moreno v. Rite Aid Corporation, et al.*, Case No. CV 14-4359

*Oscar Willis v. Rite Aid Corporation, et al.*, Case No. CV 14-4916

*Marvin Bell v. Rite Aid Corporation, et al.*, Case No. CV 14-4552

*Maria Mejia v. Rite Aid Corporation, et al.*, Case No. CV 14-4566

*Jesus Santillan v. Rite Aid Corporation, et al.*, Case No. CV 14-4536

*Erwin Capistrano v. Rite Aid Corporation, et al.*, Case No. CV 14-4532

*Antonio Flores v. Rite Aid Corporation, et al.*, Case No. CV 14-7730

The Stay shall be in effect until **November 7, 2014** at which point the Court will extend the stay as appropriate with reference to the parties' proposed discovery plan and briefing for class certification in *Romero*.  The Court will not consider a request by particular plaintiffs in the single-plaintiff cases to lift the stay as to his or her case as a request for reconsideration under Local Rule 7-18, provided the request relates to the particular facts of that Plaintiff's suit.

IT IS SO ORDERED.