**MATTHEW RIGHETTI, ESQ. {SBN 121012}**
**JOHN GLUGOSKI, ESQ. {SBN 191551}**
**MICHAEL RIGHETTI, ESQ. {SBN 258541}**
**RIGHETTI GLUGOSKI, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 983-0900
Facsimile: (415) 397-9005

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINE BARGAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RITE AID CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendant. | No. CV 13-3865 MWF (JEMX)<br><br>**PLAINTIFF'S POST-TRIAL MEMORANDUM OF LAW**<br><br>Date: November 1, 2016<br>Time: 8:30 a.m.<br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 1600 |

## TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES ........................................................................................... *i-ii***

I. **California's wage laws are considered "remedial legislation," and they are liberally constructed with an eye to promoting the protection of employees (*IWC v. Superior Court,* (1980) 27 Cal.3d 690,702)** ........................ 1

II. **Plaintiff Met Her Burden of Proof** ..................................................................... 1

III. **Defendant Failed to Prove its Exemption Affirmative Defense** ......................... .2

**A. Defendant Failed To Demonstrate That Plaintiff Was Primarily Engaged In Exempt Work Measured On A Weekly Basis** .........................3

**B. Defendant's Proof was Insufficient** ..............................................4

**C. Discretion and Independent Judgment on Matters of Significance** .........6

**D. Defendant Willfully Denied Plaintiff Her Wages** ...............................7

## TABLE OF AUTHORITIES

*Anderson v. Mt. Clemens Pottery Co.*
(1946) 328 U.S. 680, 686-688 ................................................1

*Brinker v. Superior Court*
(2012) 53 Cal. 4th 1004, 1040 ................................................2

*Combs v. Skyriver*
(2008) 159 Cal.App.4th 1242, 1254 ...........................................7

*Counts v. S.C. Elec. & Gas Co.*
(4th Cir.2003) 317 F.3d 453 ...................................................5

*Dunbar v. Albertson's, Inc.,*
141 Cal. App. 4th 1422, 1426–27(2006) ....................................5

*Hernandez v. Mendoza*
(1988) 199 Cal.App.3d 721 ....................................................1

*Heyen v. Safeway*,
(2013) 216 Cal.App.4th 795, 821 ……………………………………..3, 4

*In re UPS Wage & Hour Cases*,
190 Cal.App.4th 1001, 1026 ……………………………………………..6

*IWC v. Superior Court*,
(1980) 27 Cal.3d 690, 702 ………………………………………*passim*

*Kress v. PricewaterhouseCoopers LLP*,
No. CIV. S-08-0965 LKK,
2013 WL 140102, at *4 (E.D. Cal. Jan. 10, 2013) …………………………5

*Nordquist v. McGraw-Hill*
(1995) 32 Cal.App.4th 555, 562 ……………………………………………1

*Ramirez v. Yosemite Water Co.*
(1999) 20 Cal.4th 785, 801-802 ……………………………………………5

*Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.*
(2002) 102 Cal.App.4th 765, 783 ………………………………………...7

*Sav-On v. Sup. Ct.*
(2004) 34 Cal.4th 319, 338 ……………………………………………………1

*Smith v. Overland*
(N.D. Cal. Oct. 4, 2013), 2013 WL 5513595, at *15 ………………………7

*Tidewater v. Bradshaw*
(1996) 14 Cal.4th 557, 567 ……………………………………………………1

**ADDITIONAL AUTHORITIES**

Cal. Code Regs., tit. 8 § 11050 (11) ……………………………………………2

California Labor Code §§ 512, 515(e), 226.7 ……………………………………...2

DLSE Opinion Letter 1993.01.07 at p. 6 ……………………………………….4

Title 29 C.F.R. § 541.102, 108(c), 108(e), 110, 115(a)-(c) …………………..3, 4

## I. California's wage laws are considered "remedial legislation," and they are liberally construed with an eye to promoting the protection of employees (*IWC v. Superior Court*, (1980) 27 Cal.3d 690, 702.)

Exemptions "are narrowly construed against the employer, and their application is limited to those employees *plainly and unmistakably* within their terms." *Nordquist v. McGraw-Hill* (1995) 32 Cal.App.4th 555, 562 (emph. added). California law provides broader protection of employee rights as compared to the FLSA. *Tidewater v. Bradshaw* (1996) 14 Cal.4th 557, 567.

## II. Plaintiff Met Her Burden of Proof

Plaintiff has the initial burden to establish a reasonable inference as to the amount of uncompensated hours worked. The burden then shifts to Defendant to either provide exact evidence of the actual hours worked by the employee, or to negate the reasonable inference drawn from Plaintiff's evidence. *Anderson v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680, 686-688; *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721.[1]

The evidence demonstrated that Plaintiff typically worked 1) 10 to 12 hours per day; 2) 6 six days per week two times per month; and 3) the morning shift (7 to 7:30 a.m.) until at least 5 p.m. per DM expectations (See Ex. 78). Witnesses Valdivia, Quintanilla and Aguilar (and even Rite Aid's witnesses) confirmed she was typically present in the stores until 6 and 7 p.m.

Defendant attacked Plaintiff's credibility for not being able to *precisely* state how many hours she worked each week – despite the teaching of *Hernandez, supra*. The evidence presented was more than sufficient to create a reasonable inference that Plaintiff worked between 10 and 25 hours of overtime per week.[2]

---

1 See, ECF Document No. 115, pg. 2:14-4:11,

2 At the Commerce store, she arrived as close to 8 a.m. as possible after dropping her daughter off at school at 7:30 a.m. There is no evidence to suggest this happened at Downey or Maywood. Plaintiff has submitted a revised damages model for a range of between 5 and 25 hours of overtime per week and excluding time for maternity leave and vacation based on Defendant's records. Ex. 1 to Righetti Decl.

Plaintiff proved that Rite Aid failed to relinquish all control over her activities and permit her a reasonable opportunity to take meal periods and rest breaks. California Labor Code §§ 512, 226.7; Cal. Code Regs., tit. 8 § 11050 (11); *Brinker v. Superior Court* (2012) 53 Cal. 4th 1004, 1040. Defendant, through the testimony of Roger Ceballos, conceded that Rite Aid's meal period and rest break policies did not apply to Plaintiff because Defendant classified her as exempt. Thus, Rite Aid neither provided Plaintiff with meal periods nor authorized and permitted Plaintiff to take rest breaks. The evidence demonstrated that Plaintiff was typically the only member of management on duty until well after the fifth hour of work (i.e., not allowed to leave the store)[3] and she was frequently interrupted during breaks. (See e.g. testimony of Imelda Fernandez.) Plaintiff could not have been -- and was not -- timely relieved of all work-related duties as required by California law. These facts justify a finding that Plaintiff did not receive statutory meal periods and/or rest breaks, and Plaintiff is entitled to one hour of premium pay for each day worked.[4]

## III. Defendant Failed to Prove its Exemption Affirmative Defense

"The assertion of an exemption from the overtime laws is considered to be an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption." *Sav-On v. Sup. Ct.* (2004) 34 Cal.4th 319, 338.[5] The evidence here centered around whether (1) Plaintiff customarily and regularly exercised discretion and independent judgment on matters of consequence or significance to Defendant's business; and (2) Plaintiff was primarily engaged in "exempt" work on a week to week basis. Labor Code § 515(e).

---

3 Plaintiff typically worked the morning shift. The schedules (Ex. 185) show that no 2nd member of management arrived until well after the fifth hour of Plaintiff's workday.

4 Plaintiff's damages model provides meal period/rest break damages for the various overtime scenarios worked by Plaintiff (i.e., 5, 10, 15, 20 and 25 hours of overtime worked).

5 The elements of the executive and administrative exemptions are set forth in the parties' respective trial briefs and proposed findings of fact and conclusions of law.

### A. Defendant Failed To Demonstrate That Plaintiff Was Primarily Engaged In Exempt Work Measured On A Weekly Basis

California's "quantitative" test, which is more protective of employees than the federal "primary duty" inquiry, requires that Defendant show that Plaintiff was "primarily" engaged in (i.e. more than 50%) "exempt work" on a week by week basis. Examples of *bona fide* "exempt" work can be found in Title 29 C.F.R. § 541.102. "Nonexempt work is easily identifiable where, as in the usual case, it consists of **work of the same nature as that performed by the nonexempt subordinates** of the 'executive.'" *Heyen v. Safeway*, (2013) 216 Cal.App.4th 795, 821 (emphasis added). In determining whether work qualifies as "exempt" work, consideration must be given to whether the work is (1) the same as the work performed by the subordinates of the executive; (2) a specifically assigned task of the executive employees; (3) practicably delegable to nonexempt employees in the establishment; or (4) repetitive and frequently recurring." 29 C.F.R. § 541.110(b).

Since Plaintiff did not spend anywhere near 50% of her time engaged in the work described at 29 C.F.R. § 541.102, Defendant was required to expand considerably its definition of "exempt" work by mischaracterizing tasks like operating a cash register and performing routine customer service, as exempt (i.e., "for a managerial purpose.") According to Defendant practically anything and everything may be "exempt" where an employee has "management duties" since s/he is always wearing a "managerial hat." Defendant did not show Plaintiff spent anywhere near half of her time engaged in *bona fide* exempt tasks.[6] California rejects the FLSA "primary duty test." California law states that 1) exemptions are

---

6 "In a large retail establishment where the replenishing of stocks of merchandise on the sales floor "is customarily assigned to a nonexempt employee, the performance of such work by the manager or buyer of the department is nonexempt." (§ 541.108(c).) Similarly . . . manager's participation in making sales to customers is nonexempt, unless sales are made for "supervisory training or demonstration purposes." (§541.108(e).)." *Heyen*, 216 Cal.App.4th at 820 ["federal regulations incorporated into Wage Order 7 do not support the "multi-tasking" standard"].

narrowly construed to promote employee protection, and 2) employees cannot simultaneously perform both exempt and non-exempt work.[7] Defendant's wordplay mischaracterizing exempt work is not surprising since the evidence shows there was nowhere near the amount of *bona fide* "exempt" work to occupy more than half of Plaintiff's time at a discount retail pharmacy – and particularly where (a) the labor budget created a realistic expectation that Plaintiff would be on the sales floor working alongside the hourly workers, and (b) exempt work was also performed by hourly assistant store managers and shift supervisors. Plaintiff was very much the "working foreman" or "strawboss" described in 29 CFR 541.115(a)-(c). *See Heyen* at 821-822. Defendant cannot meet its burden by asserting in broad strokes that it designed the job description to be exempt -- therefore Plaintiff was exempt.

**B. Defendant's Proof was Insufficient**

Setting aside Defendant's skewed interpretation of "exempt" work, Defendant did not demonstrate which tasks Plaintiff performed or how much time she spent performing them during any particular workweek in *any* of the years. During closing arguments, the Court inquired as to whether Defendant is required to show how Plaintiff spent her time for each week it classified her as "exempt." The answer is yes -- according to California law. In fact, Rite Aid confirmed this to be California law when seeking to defeat class certification in state court: "California's 'primarily engaged in' standard requires the trier of fact to 'determine whether any given class member (or all the class members) spent more than 50% of their time on managerial tasks in any given workweek."[8] "Because the regulation references 'the work actually performed by the employee during the course of the workweek,' the Court is inclined to hold that ... employees' exempt

7 The IWC Orders require courts to ascertain the type of work the individual is actually doing (e.g., "managerial" or "production" or "sales") and count the time in either side of the ledger. DLSE Opinion Letter 1993.01.07 at p. 6. Under California law one may not be "engaged in" managerial and non-managerial duties at the same time.

8 ECF Document, 115-1, pp. 73:28-74:20, p. 81:5-12.

or non-exempt status can vary on a week by week basis. *Counts v. S.C. Elec. & Gas Co.* (4th Cir.2003) 317 F.3d 453; *Dunbar v. Albertson's, Inc.*, 141 Cal. App. 4th 1422, 1426–27(2006); *Kress v. PricewaterhouseCoopers LLP*, No. CIV. S-08-0965 LKK, 2013 WL 140102, at *4 (E.D. Cal. Jan. 10, 2013).

Defendant's 30(b)(6) designees confirmed that 1) it made no effort to verify that Plaintiff in fact met any 50% expectation; 2) it does not know which tasks Plaintiff performed; and 3) it does not know how much time Plaintiff spent performing any task or set of tasks. Defendant's witnesses confirmed that they do not even have estimates for how long it should take an average or well-performing store manager to perform the duties Defendant contends are "managerial." This abject failure to offer proof is sufficient to dispense with the affirmative defense. The evidence also showed 1) the deteriorated conditions at the stores when Plaintiff took over as the manager; 2) labor intensive workweeks such as remodels and inventory preparation; and 3) diminishing labor budgets. These circumstances impacted the weekly mix of tasks that Plaintiff performed.

Because Defendant could not prove Plaintiff's was engaged in "exempt" work over 50%, Defendant also attempted to argue that, *to the extent she spent less than 50% of her time performing "exempt" work*, she mis-performed her job duties. The IWC Statement As to The Basis explains: Although "*Ramirez v. Yosemite Water Co.* (1999) 20 Cal.4th 785, 801-802 … involved the exemption for outside salespersons, the determination of whether an employee is an outside salesperson is also quantitative (i.e. more than 50%):

> Having recognized California's distinctive quantitative approach to determining which employees are outside salespersons, we must then address…: Is the number of hours worked in sales-related activities to be determined by the number of hours that the employer, according to its job description or its estimate, claims the employee should be working in sales, or should it be determined by the actual average hours the employee spent on sales activity? The logic inherent in the IWC's quantitative definition of outside salesperson dictates that neither alternative would be wholly satisfactory…the court should consider, first and foremost, how

> the employee actually spends his or her time. But the trial court should also consider whether the employee's practice diverges from the employer's realistic expectations, whether there was any concrete expression of employer displeasure over an employee's substandard performance, and whether these expressions were themselves realistic given the actual overall requirements of the job."

*IWC Statement* (www.dir.ca.gov/iwc/statementbasis.htm).

The problem for Defendant is two-fold. First, Plaintiff received "meets expectations" or better in all but the final year of her employment. Second, Defendant never monitored whether Plaintiff was over/under the 50% threshold. Third, Defendant ignored how *draconian* labor cuts impacted Plaintiff's work. Fourth, Defendant set forth an expectation in a *cosmetically* revised job description with some computer based trainings but never studied whether its revised "expectations" were realistic in light of the overall requirements of the job.

**C. Discretion and Independent Judgment on Matters of Significance.**

*In re UPS Wage & Hour Cases*, 190 Cal.App.4th 1001, 1026 states:

> Perhaps the most frequent cause of misapplication of the term 'discretion and independent judgment' is the failure to distinguish it from the use of skill in various respects. An employee who merely applies knowledge in following prescribed procedures or determining which procedure to follow, or who determines whether specified standards are met . . . is not exercising discretion and independent judgment. This is true even if there is some leeway in reaching a conclusion, as when an acceptable standard includes a range or a tolerance above or below a specific standard.

Defendant had rigid operational standardization, draconian labor budgets, and *exhaustive* policies and procedures directing down to the smallest detail every aspect of the Store Manager position, including daily and weekly routines for store work. Even interviews are highly standardized. Plaintiff lacked the authority to exercise discretion and independent judgment with respect to changing or altering *any* of Defendant's policies and procedures.

Discretion and independent judgment should not be conflated with the exercise of a skill as to routine matters; further, the employee must exercise discretion or independent judgment to "matters of significance." *Combs v. Skyriver* (2008) 159 Cal.App.4th 1242, 1254. The exercise of discretion and independent judgment must be "normal and recurrent" and must involve the freedom to make decisions, not just apply skills to make recommendations to others. *Smith v. Overland* (N.D. Cal. Oct. 4, 2013), 2013 WL 5513595, at *15.

**D. Defendant Willfully Denied Plaintiff Her Wages**

Where the misclassification is clear, deliberate or intentional, such fact establishes that the employer did not make a reasonable good faith legal mistake in failing to pay its workers their full wages upon termination of their employment. *Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.* (2002) 102 Cal.App.4th 765, 783. In 2009, Defendant made a deliberate decision to classify Plaintiff as "exempt," despite having reclassified other store managers as non-exempt employees (See Ex. 183, pg. 12). The realistic requirements of Plaintiff's job only got harder and harder as labor budgets decreased. Defendant acted deliberately, intentionally, and thus willfully in its refusal to pay Plaintiff her overtime wages. Plaintiff is entitled to waiting time penalties. See Ex. 1 to Righetti Decl.

Dated: November 18, 2016

Respectfully submitted,

RIGHETTI GLUGOSKI, P.C.

/s/ Michael C. Righetti